# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **TWIN CITY FIRE INSURANCE COMPANY,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 10 C 7949 |
| **MCBREEN & KOPKO LLP, HUGH MCBREEN, and FREDERICK KOPKO,** | ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Twin City Fire Insurance Company ("Twin City") filed this declaratory judgment action seeking a declaration that it has no obligation to defend or indemnify McBreen & Kopko LLP ("McBreen & Kopko") and its named partners Hugh McBreen ("McBreen") and Frederick Kopko ("Kopko")[1] under a lawyers professional liability policy issued to McBreen & Kopko in connection with a lawsuit currently pending in the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida.

**I.**

The Florida suit was brought by a group of creditors of Butler International, Inc. ("Butler"), a client of McBreen & Kopko's. The complaint alleges that while Edward Kopko (brother of defendant Frederick Kopko) was the Chief Executive Officer of Butler, he

---

[1] Unless otherwise noted, any reference to "Kopko" refers to Frederick Kopko.

intentionally set up a division of Mercury Air Group ("Mercury") to unfairly compete with Butler and steal Butler's assets. The underlying plaintiffs allege that McBreen & Kopko breached its fiduciary duties to Butler by failing to avoid a conflict of interest while acting as general counsel to Butler. Specifically, the underlying plaintiffs allege that an improper conflict of interest existed when McBreen & Kopko represented both Butler and Mercury. The underlying plaintiffs accuse various parties, including the CEO of Butler and members of the board of directors, of engaging in a fraudulent and intentional conspiracy to devalue Butler's assets and unfairly compete with Butler through another company, namely Mercury.[2]

After McBreen & Kopko's request for coverage was denied, Twin City filed the instant complaint for declaratory judgment. Currently before me are cross motions for summary judgment. For the reasons that follow, Twin City's motion for partial summary judgment is granted. McBreen & Kopko's motion for summary judgment is denied.

## II.

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant

---

[2] McBreen and Kopko were sued individually in the Florida suit. McBreen was sued in his capacity as a member of the board of directors of Butler, while Kopko was sued individually as the principal owner of Mercury.

2

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party shows that there is no genuine issue of material fact, the burden of proof shifts to the nonmoving party to designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).

Under Illinois law[3], "[a]n insurer must provide its insured with a defense when 'the allegations in the complaint are even potentially within the scope of the policy's coverage.'" *Medmarc Cas. Ins. Co. v. Avent America, Inc.*, 612 F.3d 607, 612 (7th Cir. 2010) (quoting *Nat'l Cas. Co. v. Forge Indus. Staffing Inc.*, 567 F.3d 871, 874 (7th Cir. 2009)). "If the underlying complaints allege facts within or potentially within policy coverage, the insurer is obligated to defend its insured even if the allegations are groundless, false or fraudulent." *Id.* (quoting *Northbrook Prop. & Cas. Co. v. Transp. Joint Agreement*, 741 N.E.2d 253, 254 (Ill. 2000)). When considering whether an insurance company has a duty to defend, a court "should not simply look to the particular legal theories pursued by the claimant, but must focus on the allegedly tortious conduct on which the lawsuit is based." *Hurst-Rosche Eng'rs, Inc. v. Comm. Union Ins. Co.*, 51 F.3d 1336, 1342 (7th Cir. 1995).

---

[3] All parties agree that this dispute is governed by Illinois law.

In its complaint, Twin City presents the following five "counts": (1) "No 'Wrongful Act' or 'Personal Injury'" (Count I); (2) "Designated Entities Exclusion Applies" (Count II); (3) "The Dishonesty Exclusion Applies" (Count III); (4) "Officer, Director, Partner, or Principal Shareholder Exclusion Applies" (Count IV); and (5) "Punitive Damages Exclusion Applies" (Count V). In addition, McBreen & Kopko filed two counterclaims. Twin City has moved for partial summary judgment on Counts I, II and III and the second counterclaim, while McBreen & Kopko has moved for summary judgment on all claims.

**Count I**

Looking at Counts I, II and III, Twin City posits that there are three independent reasons that it was proper for it to deny coverage to McBreen & Kopko. Because I do not view these as separate "counts" in the normal sense, but rather three potential bases for a declaration that it was proper for Twin City to deny coverage, I have considered them as three parts of a single claim. As explained below, I agree with Twin City that the fiduciary duty claim in the underlying lawsuit is not based on "wrongful act," as that phrase is defined in the policy. Because Twin City's "wrongful act" argument is dispositive, I need not address the "Dishonesty Exclusion" or "Designated Entity" arguments.

Twin City argues that it need not defend or indemnify McBreen & Kopko in the underlying suit because there is no "wrongful act"

4

alleged in that suit.  The policy at issue provides coverage for damages because of a "wrongful act," which is defined by the policy as "a negligent act, error or omission committed in the performance or failure to perform professional legal services."  According to Twin City, the underlying lawsuit involves intentional, dishonest, and conspiratorial conduct.  Arguing that I must look at the factual allegations supporting the breach of fiduciary duty claim brought against McBreen & Kopko in the underlying suit, Twin City alleges that the fiduciary duty count incorporates all of the intentional and conspiratorial allegations described in the underlying complaint.  Generally, the underlying complaint alleges an intentional scheme whereby Frederick and Edward Kopko and others conspired to steal Butler's assets for the benefit of Mercury.

McBreen & Kopko does not dispute that the underlying complaint involves an intentional conspiracy, but argues that McBreen & Kopko is not identified as one of the conspirators.  McBreen & Kopko argues that Twin City fails to cite to any specific paragraphs in the underlying complaint alleging intentional, deceptive and/or conspiratorial actions on the part of McBreen & Kopko.  While the fiduciary duty claim against McBreen & Kopko does incorporate all of the preceding conspiratorial allegations, those allegations, the law firm argues, are directed at other defendants, not McBreen & Kopko.

5

I conclude that the claim brought against McBreen & Kopko is not based on a "wrongful act" as that phrase is defined in the policy. The underlying complaint alleges an intentional scheme by the defendants to conspire to steal Butler's assets in favor of Mercury. I reject McBreen & Kopko's assertion that McBreen & Kopko is not identified as a co-conspirator in the underlying complaint. In fact, on pages 6 and 7 of the underlying complaint, McBreen & Kopko is, in fact, identified as a "Co-conspirator[]." In addition, the underlying complaint provides another allegation linking the law firm to the alleged conspiracy and other unlawful actions: "During [2009], in breach of his fiduciary duty, starting at least as early as December 4, 2008, Edward [Kopko, Butler CEO] *provided confidential information to Frederick at McBreen & Kopko* and to Czyzk at Mercury for the purpose of Mercury creating a subsidiary by the name of Mercury Z, Inc. to either purchase Butler's assets at far below their value or to provide a platform for Edward to take key Butler employees and compete with Butler." Underlying Compl. ¶ 47 (emphasis added). Given the overall conspiratorial nature of the complaint, and given the specific statements described above, I conclude that the fiduciary duty claim against McBreen & Kopko, as described in the underlying complaint, is based on intentional, deceptive conduct. *See Steadfast Ins. Co. v. Caremark Rx, Inc.*, 835 N.E.2d 890 (Ill. App. Ct. 2005) (no coverage under the "wrongful act" provision because

facts in the complaint were based on an intentional, deceptive scheme).[4] In the end, McBreen & Kopko's attempt to isolate the law firm from the overwhelming nature of the complaint fails. Disregarding legal labels and considering the factual underpinnings of the underlying complaint as a whole, I conclude that the underlying complaint does not allege a "wrongful act" under the policy. Thus, Twin City is not bound to defend or indemnify McBreen & Kopko in the underlying action. I grant summary judgment in Twin City's favor on Count I, and deny McBreen & Kopko's motion for summary judgment as to Count I.

**Count IV**

Count IV states that the insurance policy excludes coverage for claims arising out of an insured's capacity as an officer, director, partner or employee of any entity other than McBreen & Kopko. In this count, Twin City states that Hugh McBreen's and Frederick Kopko's liability in the underlying action "is alleged to arise from Hugh's and Frederick's capacity as Directors and/or Officers of Butler and/or Mercury. Pursuant to the Officer, Director, Partner, or Principal Shareholder exclusion, Plaintiff has no duty to defend or indemnify Hugh or Frederick in the underlying . . . suit." Decl. Compl. ¶¶ 36-37.

---

[4] Given my finding that the underlying complaint did, in fact, include McBreen & Kopko as a co-conspirator to the alleged conspiracy, I find McBreen & Kopko's reliance on *State Auto Prop. & Cas. Co. v. Kincaid*, No. 09-3146, 2011 WL 344086 (C.D. Ill. Feb. 1, 2011), to be misplaced.

Twin City argues that the law firm's motion for summary judgment on this claim must be denied because Count IV is directed only at McBreen and Kopko, individually, and not at the law firm. Thus, Twin City asserts, it was improper for the law firm to move for summary judgment on this claim. I agree. As a result, McBreen & Kopko's motion for summary judgment is denied. Further, despite the fact that Twin City did not actually move for summary judgment on this count, it nonetheless requested that I enter judgment, in its favor, on this count. Because Twin City did not move for summary judgment on this claim, this request is denied.

**Count V**

With respect to Count V, Twin City requests a declaration that based on the punitive damages exclusion and Illinois public policy Twin City has no duty to provide coverage for any punitive damages awarded in the underlying lawsuit. As with Count IV, only the law firm moved for summary judgment on this claim. In light of my ruling that Twin City does not have a duty to defend McBreen & Kopko, McBreen & Kopko's motion is denied as moot.

**Counterclaim I**

I read footnote 2 on page 2 of Twin City's motion for summary judgment as a motion to strike McBreen & Kopko's first counterclaim. In Counterclaim I, McBreen & Kopko asks for a declaration that Twin City owes McBreen & Kopko a duty to defend and indemnify McBreen & Kopko in the underlying lawsuit. Because

this counterclaim is merely the flipside of Twin City's declaratory complaint, I grant the motion and strike Counterclaim I as unnecessary. *See Tennaco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("[W]hen one party to a contract seeks a declaration of the contract's meaning, another party's counterclaim seeking to enforce the contract is repetitious and unnecessary.").

**Counterclaim II**

In counterclaim II, McBreen & Kopko brings a claim for a violation of Section 155 of the Illinois Insurance Code which provides for an award of attorney's fees and costs if an insurer's actions are "vexatious and unreasonable." 215 ILCS 5/155. Because I concluded that Twin City does not have a duty to defend and indemnify McBreen & Kopko, this claim is meritless. *See First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 807 (7th Cir. 2002) (no cause of action under § 155 if insurer did not owe benefits to insured). Twin City's motion for summary judgment on this claim is granted.

### III.

In light of the above, Twin City's motion for partial summary judgment [44] is granted. In addition, its motion to strike Counterclaim I is granted. McBreen & Kopko's motion for summary judgment [48] is denied.

9

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated:     February 8, 2012